IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tawanda Blair, on behalf of J.D.S., ) ) Plaintiff, ) ) Michael J. Astrue, Commissioner of ) Social Security, ) ) Defendant. ) ) ) | Civil Action No. 8:11-1476-RMG ORDER |

Plaintiff brought this action *pro se* on behalf of her minor child, J.D.S., challenging the final decision of the Commissioner of the Social Security Administration denying her child supplemental security income (SSI) child disability benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation on February 29, 2012, finding that there was substantial evidence to support the decision of the Commissioner and recommending that the decision of the Commissioner be affirmed. (Dkt. No. 47). Plaintiff was advised of her right to file written objections within 14 days of the date of service of the Report and Recommendation and the consequences for failing to file timely written objections, which included limited review by the district court and a waiver of the right to appeal from the district court's order. (Dkt. No. 47-1). Plaintiff failed to file any objections to the Report and Recommendation of the Magistrate Judge. As set forth more fully below, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the

decision of the Commissioner.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .". 42 U.S.C. § 405(g). Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for [Commissioner's] findings . . .". *Vitek v. Finch*, 438 F.2d at 1157-1158.

**Discussion**

A child is considered disabled under the Social Security Act if he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations" which are expected to either cause death or last continuously for at least 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). Social Security Administration regulations set forth a sequential three step process for analyzing disability applications of children, which include the following: (1) Is the child engaged in "any substantial gainful activity"? If so, the benefits are denied. (2) Does the child have an impairment or combination of impairments that is severe? If the child does not have a severe impairment, benefits are denied. (3) Does the child's impairment(s) meet, medically equal or functionally equal the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1? If the minor claimant has such an impairment, SSI benefits are then granted. 20 C.F.R. § 416.924(a)-(d). Additional regulations address the child's functional level, including the ability to function in six different "domains". These include such areas as health and physical well being and the ability to acquire and use information, attend and complete tasks, interact and relate to others, move about and manipulate objects, and care for oneself. 20 C.F.R. §§ 416.924a, 416.924b, 416.926a(b)(1) and 416.929.

In this matter, Plaintiff applied for SSI benefits for her minor child, who was pre-school age at the time of the application and was an elementary school student at the time of the decision by the Administrative Law Judge. The mother asserted that the child had significant learning difficulties as well as significant respiratory difficulties from childhood asthma. Transcript ("Tr.") at 75-83. The child's elementary teacher completed a questionnaire in which she indicated the child "does very well", "loves to work on computers and loves books." She

further indicated that "[h]e seems to be very bright." Tr. at 68. The teacher further indicated that the child had episodic problems with asthma but otherwise had no problems in any other area of functioning. Tr. at 69-74. Medical records included in the record indicate the child required periodic emergency room and medical doctor visits for intermittent exacerbations of his asthma. Tr. 136-139, 147-160, 161-164, 186-217.

The Administrative Law Judge (ALJ) determined that the claimant had not engaged in gainful activity since the time of his application for benefits and his asthma was a severe impairment. Tr. at 12. He further determined, however, that the claimant did not have an impairment or combination of impairments that meets or medically or functionally equals one of the listings in Appendix 1. Tr. at 12-21. In reaching that conclusion, the ALJ relied extensively on the responses provided by the claimant's elementary school teacher. *Id.* Thus, the ALJ determined that the claimant was not disabled and denied his application for SSI benefits. Tr. at 21. Upon denial of review by the Appeals Council, the decision of the ALJ became the decision of the Commissioner. Plaintiff thereafter timely filed an appeal of the Commissioner's decision with this Court.

The Magistrate Judge thoroughly analyzed the record in this matter and determined that there was substantial evidence in the record to support decision of the Commissioner. (Dkt. No. 47). The Magistrate Judge recommended that the decision of the Commissioner be affirmed. Plaintiff filed no objections to the Magistrate Judge's Report and Recommendation.

The Court has reviewed the entire record in this matter, the filings by the parties, the Report and Recommendation and the relevant statutory, regulatory and case law in this matter. The Court concurs that there is substantial evidence in the record to support the decision of the

Commissioner, which mandates that the decision of the Commissioner be affirmed. The Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 23, 2012